**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JO ANNE M. CHANDLER, | No. 10-72317 |
| Petitioner - Appellant, | Tax Ct. No. 6828-07 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Taxpayer Jo Anne M. Chandler appeals pro se from the Tax Court's

decision, following a bench trial, upholding the Commissioner of Internal

Revenue's determination of deficiencies and a penalty for tax years 2002, 2003,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 2004. We have jurisdiction under 26 U.S.C. § 7482(a). We review for clear error the Tax Court's determination whether a taxpayer engages in an activity with the intent of making a profit. *Wolf v. Comm'r*, 4 F.3d 709, 712-13 (9th Cir. 1993). We affirm.

The Tax Court did not clearly err in finding that Chandler did not engage in her horse breeding and racing activity primarily for profit, after analyzing relevant factors. *See* 26 C.F.R. § 1.183-2(b) (stating nine factors for consideration when assessing whether an activity is engaged in for profit); *Hill v. Comm'r*, 204 F.3d 1214, 1218 (9th Cir. 2000) (Tax Court's determination that petitioners lacked a profit motive after application of § 1.183-2(b) factors was not clearly erroneous despite petitioners' showing that activities "might have had a profit motive"); *Wolf*, 4 F.3d at 712 ("We must uphold the tax court's finding unless we are left with the definite and firm conviction that a mistake has been committed." (citation and internal quotation marks omitted)).

The Tax Court did not clearly err in finding that Chandler was subject to an accuracy-related penalty for 2002 under 26 U.S.C. § 6662. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1161 (9th Cir. 2007).

**AFFIRMED.**